### G. W. WATERS v. CONRAD PAPE.

(No. 467, Tex. L. J., vol. 2, p. 444.)

APPEAL from Comal County. Opinion by WINKLER, J.

§ 714. *Charge of court which indicates the judge's opinion on the facts.* Where the court charged the jury: "Gentlemen of the jury, this case is for obtaining the

ownership of a horse.    The defendant has, by many witnesses, proved that he raised the horse; that in 1870 or 1871 he lost him, and in 1875 he found him in possession of the plaintiff, who proved that he bought the horse from one Mathews in 1873, and therefore had possession of the horse up to 1875, about two years, and therefore claims the statute of limitations.    The defendant further proved that he branded the horse with his brand.    Now, should you find for the defendant, you may assess such damages as you may consider reasonable, according to the evidence in the case,"—*held*, this charge indicated very clearly the opinion of the judge as to whom the verdict should favor; and that the court assumed that certain facts had been proved, instead of leaving it to the jury to determine what had and what had not been proved, and it leaves the jury the determination only of the single question of damages.

§ 715. *Statute of limitations as to personal property.* The statute of limitations bars a recovery upon all actions for retaining personal property and its conversion, unless suit therefor is instituted within two years next after the cause of action accrues [Pas. Dig. art. 4604]; and generally, upon proper averment and proof, the statute may be as effectually invoked as a weapon of offense in the hands of a plaintiff, as a shield of defense to a defendant, even in matters of greater moment than a horse.    [Sayles' Treatise (2d ed.), § 441.]

January 18, 1879.    Reversed and remanded.